ALEXANDER WASYLENKO, Plaintiff, *v.* DIMITRI FRYSKY, Defendant.

Supreme Court, Westchester County, October 8, 1927.

**Libel and slander — what constitutes — complaint alleges defendant informed public official plaintiff had violated provisions of National Prohibition Act — words not slanderous — judgment on pleadings granted.**

A complaint which alleges that defendant informed public officials that plaintiff had violated provisions of the National Prohibition Act does not state a cause of action for slander, since under such circumstances the use of such words cannot be construed as slanderous, and judgment on the pleadings should be granted in defendant's favor.

MOTION by defendant under rule 112 of the Rules of Civil Practice for judgment on the pleadings.

*Wallace & Wallace,* for the plaintiff.

*David Gorfinkel,* for the defendant.

LYNCH, J. This is a motion under rule 112 of the Rules of Civil Practice for judgment on the pleadings. The plaintiff has instituted an action to recover damages for slander.

An examination of the complaint discloses that the only alleged slanderous words charged against the defendant are that he informed the public officials that the plaintiff had violated the provisions of the National Prohibition Act (41 U. S. Stat. at Large, 305; U. S. Code, tit. 27). It is difficult to conceive how under any circumstances such words could be construed as slanderous. If it be true that the society in question illegally had liquor, it was the duty of the citizens to inform the government of that fact and thus prevent the violation of our laws. If the defendant gave this information, he was doing nothing more than what a good citizen should have done under like circumstances. The law certainly will not hold words slanderous if it charges the person with the performance of a lawful duty.

The defendant's motion for judgment on the pleadings will be granted.